UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HURTADO,<br>    Petitioner,<br>    v.<br>DAVID B. LONG,<br>    Respondent. | CASE NO. CV 14-8068-GW (PJW)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |

On October 6, 2014, Petitioner signed a Petition for Writ of Habeas Corpus, which was subsequently filed in this Court, challenging a 2010 conviction in Los Angeles Superior Court for murder and conspiracy to commit assault and resultant sentence of fifteen years to life in prison. (Petition at 2.) Petitioner claims that his Confrontation Clause rights were violated by the admission of untrustworthy statements against him and that trial counsel was constitutionally ineffective for failing to properly object to the admission of these statements. (Petition at 5.)

For the following reasons, Petitioner is ordered to show cause why his Petition should not be dismissed because it is time-barred. State prisoners seeking to challenge their state convictions in federal habeas corpus proceedings are subject to a one-year statute of

limitations. 28 U.S.C. § 2244(d). Here, Petitioner's conviction became final on May 14, 2013--90 days after the California Supreme Court denied his petition for review and the time expired for him to a petition for writ of certiorari in the United States Supreme Court. *See, e.g.*, *Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir. 2005). Therefore, the statute of limitations expired one year later, on May 14, 2014. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner, however, did not file this Petition until October 6, 2014, almost five months after the deadline.[1]

IT IS THEREFORE ORDERED that, no later than **November 20, 2014,** Petitioner shall inform the Court in writing why this case should not be dismissed with prejudice because it is barred by the statute of limitations. Failure to timely file a response will result in a recommendation that this case be dismissed.

DATED: October 21, 2014

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\HURTADO, J 8068\OSC dismiss pet.wpd

---

[1] Pursuant to the "mailbox rule" for prisoner filings, the Court uses the date Petitioner signed his pleadings (and presumably delivered them to prison staff for mailing) as the filing date. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988).