UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8068-GW (PJW) | Date | December 18, 2014 |
|---|---|---|---|
| Title | *Jason Hurtado v. David B. Long* | | |

| Present: The Honorable | PATRICK J. WALSH | | |
|---|---|---|---|
| Jacob P. Yerke | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| None Present | | None Present |

**Proceedings:**     Order Re: Further Proceedings (In Chambers)

On October 6, 2014, Petitioner, proceeding in pro se, constructively filed a Petition for Writ of Habeas Corpus in this Court. On October 21, 2014, the Court issued an order to show cause as to why the Petition should not be dismissed because it is barred by the statute of limitations. Petitioner's state conviction became final for federal statute of limitations purposes on May 14, 2013. Therefore, Petitioner had until May 14, 2014, to file a habeas corpus petition in this Court, meaning that his Petition was untimely on its face.

On November 3, 2014, Petitioner submitted a response, together with supporting exhibits, alleging that he had filed habeas corpus petitions in the Los Angeles County Superior Court on November 20, 2013; January 7, 2014; and April 17, 2014.  He alleges that the first petition was returned on the ground that he had not properly served the district attorney's office, but did not allege what, if anything, ensued with the second petition.  (Response at 4.) Petitioner alleges that he then filed a habeas petition in the California Supreme Court on May 8, 2014, which was returned and resubmitted on May 19, 2014, and denied on September 17, 2014. (Response at 4-5.)  Meanwhile, he alleges, on June 16, 2014, the superior court issued an order, requiring the district attorney to respond to the habeas petition that was still pending, apparently, before that court.  It is unclear what the final disposition of that petition was.

Assuming that the statute of limitations was tolled no later than April 17, 2014, when Petitioner's third habeas petition was delivered to the superior court, at which point 338 days had elapsed in the limitations period, and remained tolled at least for the pendency of his petition before the state supreme court, i.e.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8068-GW (PJW) | Date | December 18, 2014 |
|---|---|---|---|
| Title | *Jason Hurtado v. David B. Long* | | |

from May 19, 2014 to September 17, 2014, 27 days still remained of the statutory period after the supreme court denied his petition. Petitioner delivered the instant Petition for filing on October 6, 2014, eight days before the statute of limitations expired.  By this calculation, the Petition appears to be timely.  Accordingly, the order to show cause is discharged.

The Clerk is directed to serve the Attorney General's Office with the Petition and the Court's Order Requiring Response to the Petition.  The Attorney General will have 30 days from the date of the Order Requiring Response to file a Motion to Dismiss or 45 days from that date to file an Answer.  The Attorney General is free to re-raise the issue of the Petition's timeliness, should she choose, but she must provide evidentiary support for any such argument.

cc:

Jason Hurtado
CDC AG9310
Ironwood State Prison
P.O. Box 2199
Blythe, CA 92226

:

Initials of Preparer        jy

S:\PJW\Cases-State Habeas\HURTADO, J 8068\MO_further proceedings.wpd