Jason Hurtado #AG9310
Ironwood St Prison D-4/210
P.O. Box 2199
Blythe, Ca 92226

FILED
CLERK U.S DISTRICT COURT
AUG - 3 2015
CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CASE# 2:14-CV-08068-GW-MAN

Jason Hurtado, petitioner

V.

David B. Long, warden
RESPONDENT

Opposition To Dismiss

Petitioner has attached his previous motion to oppose dismissal of writ.

1. As stated already in petitioners
2. initial opposition to respondents First
3. Motion to dismiss as untimely, petitioner
4. has layed out sufficient facts to establish
5. petitioners timeliness as well as his diligence
6. in pursuing his claims. It even appeared
7. to the Magistrate Judge in December
8. of 2014, when discharging petitioners
9. Motion to show CAUSE, that petitioner
10. was timely.
11.
12. It appears that Respondent is basing his
13. claim of untimeliness on speculation,
14. strenuous standards, or better yet technical
15. deficiencys.
16. Petitioners first petition was submitted
17. NOVEMBER 23, 2013, in the Superior Court of
18. Los Angeles. Petitioner refiled because
19. of (him) petitioner not knowing that being
20. denied because of failure to file to the
21. correct District Attorney, was a denial to
22. move to the next court. That's why
23. petitioner wrote Curtis B. Rappe dated
24. (Jan/7/2014) stating that the District Attorney
25. at 18000 W. Temple Street has been served.
26. Petitioner even asked to see if Anyone
27. could please call the Attorney General for
28. proof that i filed a Writ to them.

1. Petitioner sent 3 habeas petitions to
2. various District Attorneys. If petitioners
3. proof of service and in coming & outgoing
4. mail logs aren't sufficient for proof of
5. service to the courts, than why did the
6. Magistrate Judge rely on those exhibits
7. for proper ruling. I hope that the
8. courts dont look beyond that as to say
9. petitioner should have been more diligent
10. in showing more proof. I hope not,
11. because that would put a heavy burden
12. on petitioner.
13.
14. How could petitioner file a Writ on
15. June 16, 2014 and have a ruling
16. all on the same day? That would be
17. impossible. What the Respondent has
18. overlooked is the key fact. Petitioner
19. submitted the same writ of habeas Corpus
20. to every entity November 23, 2013; January
21. 7, 2014; and April 17, 2014. Out of
22. the January 7, 2014 or the April 17, 2014
23. writ submitted to Dept 103 to Curtis B.
24. Rappe, was the writ that was ordered
25. that the District Attorney was ordered to
26. file a response to. So on June 16,
27. 2014, the Honorable Curtis B. Rappe
28. ordered the District Attorney to file an

1. informal response to petitioners Writ of
2. habeas Corpus, that had been already
3. handed over to prison officials for
4. filing to the courts January 7, 2014
5. or April 17, 2014. Those petitions
6. had already been submitted in the
7. CCB Courthouse well before June
8. 16, 2014.
9.    Petitioner can only do so much to
10. show diligence.
11.
12. The best course of action is to order
13. Respondent to ANSWER said claims
14. in the (FAP), and also ANSWER
15. petitioners Motion to Amend filed
16. FEBRUARY 27, 2015 in this said court.
17. The Court should ultimately find that
18. petitioner has adequately pled the
19. existence of a Cognizable FEDERAL CLAIM(s)
20. It shouldn't be overlooked that petitioner
21. has been diligent as possible. (White ⓥ Martel
22. 601 F.3d 882 (9th Cir. 2010); also pro se
23. documents are to be liberally construed,
24. and however inartfully pleaded, must be
25. held to less stringent standards than
26. formal pleadings drafted by lawyers
27. Erickson ⓥ Pardus, 551 U.S. 89 (2007);
28. Technical errors or ignorance of legalistic

1. requirements ought not to prevent a
2. court from evaluating the merit of a
3. pro se habeas petitioners claims –
4. see - Holiday v Johnston, 313 U.S. 342;
5. Pro se habeas petitioners are to be given
6. the benefit of any doubt, and a District
7. Court may consider arguments raised for
8. the first time in an objection to a
9. Magistrate Judges (R&R). see - Brown v Roe,
10. 279 F.3d 742 (9th Cir. 2002).

13. Respectfully Submitted

15. I declare under penalty of perjury that
16. the foregoing is true & Correct.

19. (7/28/2014)                              (s)
20.                                          Jason Hurtado

Indeed petitioner's conviction became final on May 14, 2013. However, petitioner has attached and included relevant documents leaving a paper trail (i.e., showing due diligence in pursuit to stay on track to the statute of limitations.)

• Case law states: The limitations period does not begin to run in California until 90 days after the date on which the California Supreme Court denies review of the decision of the court of Appeal on direct appeal. (See California Rules of Court 29.4 (b)(2), (Denial of petition for review final when filed).

• For petitioners exhausting state remedies by seeking collateral relief in the California state courts, tolling extends from the initial filing of the petition in Superior Court to the Supreme Courts denial, including periods between the petitions denial in the lower court and it's refiling in the reviewing court, if the petitioner is "properly pursuing" state post conviction remedies. - Nino v. Galaza. (9th Cir. 1999) 183 F.3d 1003; see also - Carey v Saffold, 536 U.S. 214).

• The evidence that supports petitioner's diligence is attached as exhibits. Petitioner has submitted the face sheet of the petition filed in the California S.Ct. (See Exhibit #4)

(1)

1. It is dated as May 12, 2014 (received)
2. but not filed. Apparently the clerk said
3. that i did not have my "original signature"
4. on the Habeas form. So i immediately put
5. the white out over the signature and
6. resubmitted, with an original signature.
7. That became filed May 19, 2014.
8.     However in the event of filing
9. to the courts before my May 14, 2014
10. deadline, petitioner originally submitted
11. his petition May 8, 2014, to the prison
12. officials (six days before May 14, 2014).
13. (See Exhibit #1). Case law states, A
14. petition is considered filed when it is
15. delivered to the prisons legal mail system for
16. mailing to the court. Habeas Rule 3(d);
17. Huizar v Carey, 273 F.3d 1220 (9th Cir. 2001);
18. Sossa v Diaz, 729 F.3d 1225 (9th Cir. 2013) (petition
19. deemed filed when handed over to prison
20. authorities for mailing.)
21.     Petitioner should not be penalized or
22. faulted for a technical deficiency. Petitioner
23. would hope not. (Pro se habeas petitioners may
24. not be held to the same technical standards as
25. litigants represented by counsel. See e.g.,
26. Holiday v Johnston, 313 U.S. 342 (1941) (Pro se
27. petition for habeas corpus ought not be
28. scrutinized with technical nicety.); Balistreri v

(2)

Pacifica Police Dept, 901 F.2d 696 (9th Cir. 1990). (This court recognizes that it has a duty to ensure that Pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements.

Rightfully so, petitioners petition for habeas corpus in the California Supreme Court was filed and/or pending from May 8, 2014, until September 17, 2014. From May 8, 2014 to September 17, 2014, petitioner could not submit my petition to the Federal District Court, due to the fact that my petition was under submission.

On September 14, 2014, i had wrote the California Supreme Ct, informing them that the District Attorney of Los Angeles, along with CCB Los Angeles Superior Court was apparently taking my case under submission, from my Habeas i submitted January 7, 2014, filed. January 22, 2010 case No. SA072508 was filed. (See Exhibit #1). On June 16, 2014 Los Angeles Superior Court was just now answering to my January 7th, 2014 filing. My habeas Corpus petition had already been submitted to the California Supreme Court.

(3)

3 days after i had wrote the California S.ct, informing them about what was going on in the Superior Court, the California S.ct denied my Habeas petition. (i.e., Sept 17, 2014). Not knowing it was denied in its entirety, petitioner waited for a response to the letter i sent. That response came September 30, 2014. (See Exhibit #5)

DUE DILIGENCE in Chronological order:

- Petitioner filed his first Habeas Corpus (State petition), NOVEMBER 20, 2013. (See Exhibits in #1).

- Petitioner filed again in the Superior Court of Los Angeles, because the court said i did not properly file with the correct District Attorney. (See Exhibit #6, minute orders) petition filed January 7, 2014 and also April 17, 2014.

- Petitioner thought that he was out right denied in the Superior Court in it's entirety, so petitioner filed to the California S.ct May 8, 2014. (See also Exhibit #3)

- Petitioner was informed that he had not put the original signature, so petitioner re submitted May 19, 2014.

(4)

- Petitioner was denied in the California S. Ct September 17, 2014.

- Petitioner received correspondence letter from Clerk of California S.ct September 30, 2014, in response to petitioners letter dated September 14, 2014.

- After being notified and verifying denial of my Habeas Corpus petition in the California S.Ct, petitioner went to diligently file to the Central District Federal Court, October 6, 2014.

- From the legal documentation presented by paper trail, petitioner prays that the Magistrate judge takes a close inquiry into the facts, to eventually agree with petitioner, that he should be excused for good cause and diligence shown. Petitioner is not perfect, but only trying to pursue his Constitutional claims diligently. I've been as diligent as possible being pro se locked up in prison.

- Evans @ Chaviz. (2006) 546 U.S. 189, the S. Ct held that even when a California court denies a petition for collateral relief on the

(5)

1. merits, if the California court does not
2. explicitly state that the petition was timely,
3. the Federal Court must decide whether the
4. petitioners request for Appellate review of
5. a lower courts denial of the petition was
6. made within what California would consider
7. a reasonable time. 546 U.S. at 198. The Federal
8. Court cannot permit tolling under 28 U.S.C §
9. 2244(d)(2) if, in it's judgement, the California
10. courts would conclude that the petitioner
11. unreasonably delayed filing a petition for
12. collateral relief at any level of the California
13. judicial system.
14.    Language in Chavis, indicates that gaps of
15. time of less than 60 days would be reasonable,
16. while an unexplained 6 month gap between the
17. filing of habeas petitions was unreasonable and
18. therefore untimely. 546 U.S. at 201.
19.    In Noble v Adams, 676 F.3d 1180 (9th Cir. 2012)
20. the Ninth Circuit indicated that district
21. courts should look to California State
22. courts decisions to determine whether or not
23. a particular delay between petitions is
24. reasonable under California precedent.
25.
26. Petitioner has not intentionally shown
27. unreasonable delay in filing to each court
28. during intervals. Petitioner feels that he has

(6)

shown cause as to why petitioner is now coming into the Federal District Court. With all due respect for respondent and the Magistrate Judge, petitioner feels and hopes that his motion succeeds, so that petitioner could eventually have his meritorious issues reviewed and heard and/or ruled on the merits. Petitioner does have two colorable claims for relief.

Thank You

I declare under penalty of perjury by the laws of the State of California that the foregoing is true and correct.

Respectfully Submitted,

/   /2014       X. Jason J. Estrada
                                    2014

(7)

## PROOF OF SERVICE

### Declaration of Service by Mail

I, __Jason Hurtado__, declare that I am over the age of eighteen (18) and that I (am/am not) a party to this action. On __8/1/2015__, _____, I deposited a copy of the following document(s):

- Motion to Oppose Dismissal
- Previous Motion to Oppose Dismissal Dated (2014)

In a sealed envelope with the postage prepaid into the United States mail outlet via an authorized California Department of Corrections employee at Ironwood State Prison, in Riverside County, Blythe, California, and addressed as follows:

| | |
|---|---|
| Attorney General's Office<br>300 South Spring St<br>Los Angeles, Ca 90013 | District Courthouse<br>312 North Spring St<br>Los Angeles, Ca 90012 |

I declare under penalty of perjury by the laws of the State of California that the foregoing is true and correct (pursuant to 28 USCA §1746(2)).

DATE __8/2015__         SIGNATURE _____

Jason Hurtado #AG9310
Ironwood St prison D-4/210
P.O. Box 2199
Blythe, Ca 92226

Legal Mail

RECEIVED
CLERK, U.S. DISTRICT COURT
AUG - 3 2015
CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

MAN

USPS $00.92⁵ JUL 31 2015
MAILED FROM ZIP CODE 92225

CLERK of THE FEDERAL
DISTRICT COURTHOUSE
312 North Spring St
Los Angeles, Ca 90012



